I am Karen Johnson, Assistant U.S. Attorney for the District of Guam and the State of Nevada. This is a government appeal from a ruling by Judge Dean Pragerson, not Judge Harry Pragerson as I indicated on page 14 of the brief. From Judge Dean Pragerson holding that the aiding and abetting statute, section 2B, does not apply to offenses under obtaining identification unlawfully, section 1028A1. This case involves... Unless the proof is that the government employee was in cahoots... In cahoots with the fraudster. And in effect... A novel interpretation. A novel interpretation indeed. To address all of those issues in my brief, it would be the only section in the entire criminal code to which aiding and abetting did not apply. I think Judge Pragerson was clearly wrong that one is able to induce an innocent party to commit a crime and that is in effect a violation of section 2B of aiding and abetting. Could you help me out? I looked at pages 21 and 22 of the supplemental excerpts of the record. Yes. I'm still not sure how the requirement to provide a social security number or individual taxpayer ID number came into being. Neither of these pages appears to be an internal directive from the Director of the Guam Department of Revenue and Taxation adding the requirement. Can you briefly give an overview of how the taxpayer ID requirement made it onto the driver's license? Yes, I'm glad you raised that point, Your Honor. I believe in my discussion with counsel that he is going to concede that Judge Bin Pragerson was wrong on the issue that the government took up on appeal. And instead he wants the court to address his theory of the case and that is the alternative theory that the Motor Vehicle Division, by requiring either a social security number or an ITIN, was acting ultra-virus, that they had not engaged in the formal administrative rulemaking procedure required by Guam law before they adopted that application as part of the requirements to get a driver's license. Talking to counsel before the hearing today indicated that he was stipulated, pages 21 and 22, that it occurred to me that in fact we are missing an essential document to complete the case and to advance the course of the inquiry. Sometime in the 90s, the Motor Vehicle Division simply formatted an application requiring a social security number. Sometime around 96 or 97, an applicant challenged that and said that she should not be required to give her social security number as a privacy issue. The Motor Vehicle Division obtained an opinion from the Attorney General of Guam indicating it was appropriate for them to do so. And from that point on, pursuant to the opinion of the Attorney General, they began requiring social security numbers. And it occurred to me, counsel and I would be amenable to addressing the issue that he has raised, but it occurred to me that to do that, in addition to pages 21 and 22, we need to supplement the record with the initial letter to the Attorney General and the Attorney General's opinion now in the directory to begin requiring social security numbers. We did not have it in the record, but if the court would allow us to submit those documents after the fact, I think that the record would be complete and we could move on to Mr. Krause's case, which he wants to raise, and I would like to serve the rest of my time off in rebutting for that issue. Unless there are other questions on the government's view? I do have one question. It's sort of, you can't come into court with dirty hands. And he cited a number of cases suggesting that a defendant charged with fraud may not challenge the validity of the underlying statutory scheme. But every case you cited dealt with a constitutional challenge. And here, it doesn't matter that Ms. Lee isn't making a constitutional claim. She simply says, WOMDMV did not have the authority to require an individual taxpayer ID number. And I believe that is true. I ended up citing that authority because I went to see J.S. It was a perjury and he had the general proposition of law that one cannot attack an underlying statute if you have acted fraudulently against it. The cases I supported were the Supreme Court cases, and I pulled those down because they were from the Supreme Court and they appeared to be impressive. The union case... They're offensive. Well, if you look at the Teamster case involving Section 9, that was not a constitutional issue at the time. That had been a section of the law that was subsequently repealed. And the union leaders who were prosecuted, apparently they were members of the Communist Party, had lied in whatever applications were required for union leaders at that time. They said that that section had been repealed, and therefore they should not be prosecuted for lying under the law because Congress had later on decided apparently that that section was not important anymore. And that case is not a constitutionality issue. The court upheld the general, what appears to be the standard rule, that you cannot attack the underlying statute that you have used to commit fraud. In this case, of course, Ms. Lee is in the position of saying, it's true I lied on my application, but they didn't have the right to ask me that question anyway, so it's all right that I lied. That is a novel proposition of law, and counsel has not found any authority to support that. And I believe that between... Nor did you decide any authority to support that. Well, but I think that the... Except the constitutional cases. I think that the labor union case is not a constitutional issue. That was one, but the law had simply changed. All right. Thank you. Ben, thank you. Ma'am, please, the court. I'd like to take a little different tag. What's your name? I'm sorry, Your Honor. Howard Trapp. Howard Trapp. For the defendant appellee. The statute that my client has been charged with, of course, is Section 1028A1, and not something else. And what it says is, in effect, to simplify, whoever, without lawful authority, produces an identification document. Well, there's no allegation that my client actually produced an identification document, but rather he agreed with the government that we come under the aiding and abetting statute 2B, that he is really charged with causing the director of revenue and taxation, by lying to him, to produce the identification document without lawful authority. So the question is, did the director have the lawful authority to produce a driver's license? And we say yes. Now, we can see the internal directives, and not so they are. There are memos from the director to people working under him. Now, the government has argued in their brief, if you will, that, quote, number four, the director has the authority to require a defendant to provide a valid taxpayer identification number. And we take our arguments further than we have done in our brief and say, so what? It's irrelevant. Because the relevant proposition is that the director had the lawful authority to produce and issue a driver's license to a person that doesn't have a valid TIA. The requirement itself is not a creature of statute. The requirement is not a creature of regulation. The requirement is a personal requirement. The director decided he was going to require these people to do it, and that means he can either do it on any case or not do it. And if he doesn't do it, he has the lawful authority to produce it without doing it. What about the letter from the attorney general, which did not appear in the record? The letter from the attorney general, I would be happy to have it put in the record. I have no problem with that because we have a number of cases, and the federal public defender is here today to agree with me that this issue that I have raised should be thrashed out for Guam. In that case, somebody said I don't have to be counseled. It could help you sometime if you let the court ask its question. I'm going to ask the question, Your Honor. You let him ask the question. He's trying to ask you a question. Well, I'm sorry, Your Honor. You let him. I'm sorry. If I follow you correctly, you're saying that since the director had the discretion not to require a taxpayer identification, he didn't have the authority to require it in every case. And when he did require it, he was acting without lawful authority? Well, on the one hand, we have argued in our brief that he was – that he – Can you answer that question? Yes. Is that your point? That's not exactly my point, Your Honor. Every customs agent has the authority to search a person when he comes into the United States. Yes. Sometimes they do, sometimes they don't. They pass you on, put you off. Does that mean that when he does search a person, he's not acting without lawful authority? No, because the customs officer is not deciding whether or not it's lawful to bring in guns. He may just hold that as an oversight. He may not look into the package. But the director of revenue and taxation, on a case-by-case basis, is deciding that people should have valid TINs, but he doesn't have to do that. There is no statute in place that says that that's required. There's no regulation. It is a charge of determining the proper identity of the applicant. Sometimes you'll know a person and say, oh, I know this is Mr. Trapp. I don't have to see the taxpayer's identification number. I'll give you a driver's license. But other times he doesn't know him. Maybe that was a problem with Mr. Trapp. But the issue is whether or not in issuing that driver's license to somebody who might identify themselves a different way or whatever, is that he is acting without lawful authority. Because he's the one that is producing it, not my client. If my client isn't producing it, he's causing it to be produced. And what he has caused to be produced is a driver's licensing. You think the word producing in A1 means simply demonstrating, whereas if you take an action which causes something to be produced, that's in 2B. Well, producing it is creating it. It's tying it up. Could your client play a substantial role in producing the driver's license when she applied for it? In the sense that she caused it under Section 2B of Title 18. And she was not charged with this? She's not charged with this. And did she, assuming that the allegations are correct, did she violate the law of Guam by doing that? Yes. There's a local statute that says it's a crime. That's a long time ago, but that's not the point. But the point, you see, what the government has done, I'm not saying that, I'm not arguing one way or the other whether my client did some bad stuff. What I'm arguing is that if we're talking about applying a particular statute, the government has probably charged my client with the wrong statute under Section 1028, but it's the only part of the statute that she's been charged with. And we challenged the U.S. attorney this morning to demonstrate why the Director of Government Taxation could not produce a driver's license without requiring identification, but without requiring specifically a TIA. And I submit she can't do it. We'll find out. So when the director produces and issues a driver's license to a person without a valid TIN, he does so with lawful authority. And that's the statute that we're charging the client with. It's probably the wrong charge. I mean, it's a matter of everybody's head out of shape because it doesn't look like my client acted properly. And maybe she will beat the rat if I write about this. But you have to stay here. We'll let Taylor just be done with it. Heaven should fall. Thank you, Your Honor. I think House and I are in agreement that the issue he's raised in appeal is not right unless we submit the other supporting document that the decision by the director to require a social security number supported by the Attorney General's opinion. And I think House and I have both agreed that we will submit that to the court. I do not agree, and Judge Nelson, I didn't have a chance to answer it, that it is at all controlling because all it is is an opinion by the Attorney General that if you do require a social security number, it doesn't violate your right to privacy. I'm talking in terms of completing the record. Okay, so we will do that. Council and I will submit that. And then that comes down to his issue. In essence, the Motor Vehicle Division will not issue a driver's license unless one has a social security number or an item. That is an internal directive that the director may pursue into law. He believes that the statute allows him to add conditions in addition to those required by the statute, and that is a condition that he has added. And that's his counsel saying that he doesn't have the right to add that condition because he did not engage in the formal rulemaking required by the Guam Administrative Adjudication Act. That is true, but the director was not required to. And that, I understand, is the issue that counsel raised on appeal. When you look at the Guam statute, and in particular, you look at the case of the Guam Supreme Court, that is the Guam Federation of Teachers v. Lord of Spirits, specifically the Guam law as a general adjudication procedure. But then whether or not an agency is required to engage in formal rulemaking depends on a particular statute. And they are required to do so if the statute directs them to. Otherwise, they are not. And the statute does not require the director to engage in formal rulemaking in determining what information is required under an application. What do you say to Ms. Tramp's argument that she was incorrectly charged under 1028A1, which was, ignorantly and without lawful authority, produced an application document? She should have been charged, I think it's under D2, that she caused a filing document to be produced. She is charged with that. When you look at the indictment, you charge a violation of Section 2 and 1028. In both the criminal conspiracy count and the substantive count, Section 2 is charged as well as 1028. So she is charged with aiding and abetting. And, of course, that is to cause the production of the license. The unlawful authority is... And I need to know from you, what do you see as a specific question that is before us, a narrow issue that is before us, the decision today? The specific question that I see Mr. Tramp raising, that I understood that he has raised, is whether or not... No, no, we're going to decide this case on the record that is before us today. And on that record, what do you say is the narrow issue? On that record, you cannot decide the issue that counsel has raised, because we have a document that we have failed to submit to complete that record. So on the record today, what is the question before this court? The record today is the question raised by the government appeal, and that is whether Dean Pegerson erred when he held that an agency employee has to be in cahoots with the fraudster to constitute a violation. The only question I understand is I hear your argument that there's more to this that you'd like us to fill in, but that's not the usual function of an appellate court, is it? No, it's not. And indeed, from the government's viewpoint, the issue that we have raised is complete. And that's the question that's before us? And that is the question before you today. And nothing more? And nothing more. What counsel has done in his reply is asked you to consider another issue. Thank you very much.
judges: Farris, Nelson D. W., Bea